The appellant has petitioned for a rehearing in so far as the judgment of the court below was affirmed in the sum of $2,651 60 (45 Pac. Rep.), claiming that said sum is too much by $896 25.
Counsel say: "The court below made its findings on the question of costs of transportation from Watt's ranch to Austin, exclusive of the cost of baling as follows: `The cost of transportation from Watt's ranch to Austin was not less than $8 dollars per ton, and the cost of transportation from Austin to Watt's ranch was not less than $8 per ton, and the market value of baled hay at Austin at about the time of the burning of plaintiff's hay was $10 to $12 per ton.'"
Counsel further say: "This finding has not been questioned as to its correctness, either by plaintiff or defendant. It has not been assigned as error, nor has this finding been specified by counsel for defendant as unsupported by the evidence. It has not been assailed in any way by either side and is therefore binding, under the authorities, and upon sound reason, upon this court for all purposes of the case. Whether it be invoked for the purpose of reversing the judgment, or relied upon in case a modification of the judgment shall be determined upon by this court, it is absolutely binding on the court and litigant, because it has not been pointed out as not supported by the evidence, nor assailed as a finding of fact in any way." *Page 182 
We, however, find among the errors as assigned by appellant's counsel in the statement on motion for new trial, the following alleged error: "That each and every part of each and every finding of fact by the court is wholly unsupported by the evidence and against the evidence."
We also find that the appellant's notice of motion for new trial designates, as one of the grounds, "the insufficiency of the evidence to justify the decision of the court."
Our statute (1893, p. 89) with reference to motions for new trials, among other things, provides: "When the notice designates, as the ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict or other decision, it shall be sufficient assignment of error to specify that the verdict of the jury, or the decision, or judgment, or decree of the court, is not supported by the evidence or is contrary to the evidence. In such case where it appears that the evidence, taken altogether, does not support the verdict, or decision, or judgment, or decree of the court, a new trial shall be granted or, upon appeal, the case shall be reversed without regard to whether there arc express findings upon all the issues, or whether the specifications particularly point out the finding or findings, either express or implied, that are not supported by the evidence or are contrary thereto."
Under the above facts and the statute, this court is not bound by the finding of the lower court with reference to the cost of transportation of the hay unless it finds that the evidence supports such finding. The force of this finding is no greater than any other finding of fact in the case, but is exactly the same.
 The petition for rehearing is denied. *Page 183